UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| ANTONNIA POWLETT,<br>ON BEHALF OF HERSELF AND<br>ALL OTHERS SIMILIARLY SITUATED,<br><br>        Plaintiff,<br>   v<br><br>STEPHEN EINSTEIN & ASSOCIATES, P.C.,<br>STEPHEN EINSTEIN, ANTHONY S. POULIN, AND<br>PINPOINT TECHNOLOGIES, LLC,<br><br>        Defendants. | }<br>}<br>**}**<br>**}**<br>}  Civil Action, File No.<br>}<br>}<br>}<br>}<br>}<br>}<br>} |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Antonnia Powlett [hereinafter "Powlett"], on behalf of herself and all others similarly situated, complains of Defendants Stephen Einstein & Associates, P.C. [hereinafter "Stephen Einstein & Associates"], Stephen Einstein [hereinafter "Einstein"], Anthony S. Poulin [hereinafter "Poulin"], and Pinpoint Technologies, LLC [hereinafter "Pinpoint"], and shows the court the following:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d) and 28 USCS § 1331 and pursuant to 28 USCS § 1332 (d) (2) (A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district. Venue in this district also is proper based on one or more Defendants possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Defendants also derive substantial revenue from services rendered in this district. The aforementioned

transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Powlett is a natural person.

6. Powlett is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. Stephen Einstein & Associates is a professional corporation with a principal place of business located at 39 Broadway, Ste. 1250, New York, NY 10006.

8. As revealed from a search of the New York State Unified Court System eCourts website ("eCourts"), on a consistent and regular basis over a period of numerous years through the present Stephen Einstein & Associates was the plaintiff's attorney in numerous consumer debt collection lawsuits.   Also, on a consistent and regular basis over a period of numerous years through the present, Stephen Einstein & Associates, without using the courts, has collected and attempted to collect debts from consumers on behalf of a third-party owner of the debt.

9. Based upon the allegations in the above paragraph, the principal purpose of Stephen Einstein & Associates is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another; and Stephen Einstein & Associates is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

10. A debt collector as defined by the FDCPA, 15 USC 1692b (6), is a "person who uses any

instrumentality of interstate commerce or the mails in any business the principal purpose of

which is the collection of any debts, or who regularly collects or attempts to collect, directly

or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself

does not define the word "person"; but the Dictionary Act's definition of a person expressly

includes an "individual".  See 1 USC 1.  15 USC 1692b (6) contains specific exclusions; and

an attorney who is an officer or employee of a law firm named after himself is not among

those excluded.

11. Einstein is an "individual", an attorney and a partner of the "debt collector" Stephen Einstein

& Associates, a main financial beneficiary of "debt collector" Stephen Einstein &

Associates, an individual with a principal place of business located at "debt collector"

Stephen Einstein & Associates, and/or controls and/or supervises the debt collection

activities of "debt collector" Stephen Einstein & Associates including but not limited to the

form and contents of an Income Execution the Income Execution such as the one annexed as

Exhibit A; and the issuance of Exhibit A resulted in the violations of the FDCPA set forth

below in this Complaint.

12. Einstein therefore is a "person who uses any instrumentality of interstate commerce or the

mails in any business the principal purpose of which is the collection of any debts, or who

regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted

to be owed or due another." Therefore, Einstein is a debt collector as defined by 15 USC

1692b (6) and 1 USC 1.

13. "The section entitled "[r]elation to State laws" provides that the FDCPA preempts state laws

to the extent that they are "inconsistent" with the FDCPA …. 15 U.S.C. § 1692n." Gallego

v. Northland Group Inc. 15-1666 (2d Cir. 2016).  This includes any state law insulating

Einstein from personal liability for the actions of Stephen Einstein & Associates. Therefore, since for the reasons set forth above, Einstein is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA, Einstein is liable to Plaintiff under the FDCPA despite the protections afforded him under state laws.

14. Einstein is accordingly liable to Plaintiff based on being a "debt collector" and based on the acts of Stephen Einstein & Associates.

15. A debt collector as defined by the FDCPA, 15 USC 1692b (6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual". See 1 USC 1. 15 USC 1692b (6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

16. Poulin is an "individual", an attorney and a partner of the "debt collector" Stephen Einstein & Associates, a main financial beneficiary of "debt collector" Stephen Einstein & Associates, an individual with a principal place of business located at "debt collector" Stephen Einstein & Associates, and/or controls and/or supervises the debt collection activities of "debt collector" Stephen Einstein & Associates.

17. Poulin executed the Income Execution annexed as Exhibit A; and the issuance of this Income Execution resulted in the violations of the FDCPA set forth below in this Complaint.

18. Poulin therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who

regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Poulin is a debt collector as defined by 15 USC 1692b (6) and 1 USC 1.

19. "The section entitled "[r]elation to State laws" provides that the FDCPA preempts state laws to the extent that they are "inconsistent" with the FDCPA …. 15 U.S.C. § 1692n." Gallego v. Northland Group Inc. 15-1666 (2d Cir. 2016).  This includes any state law insulating Poulin from personal liability for the actions of Stephen Einstein & Associates. Therefore, since for the reasons set forth above, Poulin is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA, Poulin is liable to Plaintiff under the FDCPA despite the protections afforded him under state laws.

20. Poulin is accordingly liable to Plaintiff based on being a "debt collector" and based on the acts of Stephen Einstein & Associates.

21. Pinpoint is a New York Limited Liability Company.

22. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes "corporations" and "companies".  See 1 USC 1.

23. Pinpoint's primary business consists of the purchases of defaulted debts due from consumers from entities which currently own the defaulted debts and then, via agents, attorneys, and/or third-party debt collectors, attempting to collect these defaulted debts from consumers.

24. As revealed from a search of the New York State Unified Court System eCourts website ("eCourts"), on a consistent and regular basis over a period of numerous years through the present Pinpoint has been the plaintiff in numerous consumer debt collection lawsuits where the lawsuit alleged that Pinpoint became the owner of the debt from the original creditor.

25. Based upon the above allegations, the principal purpose of Pinpoint is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and therefore, LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

26. All the actions alleged in this Complaint taken by Stephen Einstein & Associates were taken by Stephen Einstein & Associates as the attorney, "debt collector" and/or agent for the "debt collector" Pinpoint.

27. Upon information and belief, Pinpoint and/or an entity on its behalf issued work standards, directives, and/or guidelines to Stephen Einstein & Associates which contained instructions, controls, and rules governing the steps Stephen Einstein & Associates could and could not take to attempt to collect debts.

28. On or about June 15, 2006, Pinpoint filed a lawsuit against Powlett in the Civil Court of the City of New York, Kings County under Index No. CV-0055528-06/BX ("State Action"). See Exhibit B.

29. As set forth in Exhibit A, on or about June 29, 2017, Stephen Einstein & Associates, on behalf of Pinpoint, issued Exhibit A to the Marshal to enforce the Judgment obtained by Pinpoint in the State Action.

30. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a *transaction* in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household

purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

31. 22 NYCRR 208.14-a defines a "consumer credit transaction" as "a revolving or open-end credit transaction wherein credit is extended by a financial institution, which is in the business of extending credit, to an individual primarily for personal, family or household purposes, the terms of which include periodic payment provisions, late charges and interest accrual.

32. The definition of a "consumer credit transaction" as set forth in the above paragraph matches or is akin to the definition of a "debt" under the FDCPA.

33. Since the State Action was filed in the Civil Court of the City of New York, 22 NYCRR 208.14-a is applicable to the State Action.

34. Per Exhibit B, the State Action was designated as a "Consumer Credit" matter.

35. Per Exhibit B, the past due debt at issue in the State Action was based on an individual, being issued a credit card account by Discover Bank for her individual use, individually incurring charges by using the credit card account, and then, as an individual, failing to pay for these charges.  Pinpoint, via Exhibit B, attempted to collect this past due debt from an individual; and Exhibit B did not refer to any kind of business associated with the account.

36.  Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

**FIRST CAUSE OF ACTION**

37. Plaintiff repeats and re-alleges the allegations in paragraphs 1-36 of this Complaint.

38. The State Action resulted in a Judgment against Antonia Nowfelt.

39. Powlett is not the same person as Antonia Nowfelt, and never has been known as or used the name Antonia Nowfelt.

40. On the date of Exhibit A, there was no Judgment against Plaintiff.

41. Notwithstanding the above, Stephen Einstein & Associates, on behalf of Pinpoint, issued Exhibit A against Plaintiff to enforce a Judgment against Plaintiff.

42. Plaintiff had her wages garnished as a result of Exhibit A.

43. Based on the above, Stephen Einstein & Associates, on behalf of Pinpoint, had no legal right to issue Exhibit A; and therefore, Stephen Einstein & Associates' issuance of Exhibit A on behalf of Pinpoint amounted to a violation by Defendants of 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(3), 15 USC 1692e(5), 15 USC 1692e(10), and/or 15 USC 1692f.

## SECOND CAUSE OF ACTION

44. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-36 of this Complaint.

45. Stephen Einstein & Associates did not obtain the aforementioned Judgment on behalf of Pinpoint.

46. Stephen Einstein & Associates took over as Pinpoints attorneys in the State Action prior to June 29, 2017.

47. Exhibit A contains information regarding a debt allegedly owed by Powlett including but not limited to the amount allegedly owed, a statement that Powlett owed the specified amount of money, and the details regarding the Judgment and State Court Action.

48. Stephen Einstein & Associates, on behalf of Pinpoint, issued Exhibit A to the Marshal for the Marshal to serve Exhibit A on Powlett.

49. Plaintiff had her wages garnished as a result of Exhibit A.

50. Pursuant to 15 U.S.C. § 1692a(2), "[t]he term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium."

51. Exhibit A was a "communication" as defined by 15 U.S.C. § 1692a (2).

52. Exhibit A was Stephen Einstein & Associates' only or first "communication" to Powlett; and therefore, Stephen Einstein & Associates failed to send to Powlett the written notice required by 15 U.S.C. § 1692g.

53. Based on the above allegations, Defendants violated 15 U.S.C. § 1692g by issuing the second and third page of Exhibit A to the Marshal.

### THIRD CAUSE OF ACTION

54. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-36 of this Complaint.

55. The Affidavit of Service annexed as Exhibit C alleges that a process serves the State Action on August 5, 2006 via substituted service by leaving a copy of the Summons and Complaint with a man allegedly named Mr. James at 622 Commonwealth Avenue, Bronx, NY  10473.

56. Plaintiff moved from 622 Commonwealth Avenue, Bronx, NY  10473 sometime in the year 2000; and on the date of this alleged service, August 5, 2006, she resided at 521 W 159th Street, # 2A, New York, NY.

57. Based on the above, the court that issued the Judgment never had jurisdiction; and therefore the Judgment obtained as a result of the State Action was void.

58. Since the Judgment obtained as a result of the aforementioned State Action was void, there was no legal right to maintain the Judgment.

59. Since the Judgment obtained as a result of the aforementioned State Action was void, there was no legal right to issue Exhibit A.

60. Plaintiff had her wages garnished as a result of Exhibit A.

61. Based on the allegations set forth in this Cause of Action, Defendants violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f as a result of maintaining the Judgment and/or issuing Exhibit A.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

62. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-36 of this Complaint.

63. Upon information and belief, prior to the issuance of Exhibit A, Stephen Einstein & Associates, Einstein, and/or Poulin obtained knowledge that the process server who allegedly served the State Action, and the process serving company for which he worked, had in numerous instances not actually served the lawsuits they claimed to have served and had completed, provided to their clients, and/or filed numerous false affidavits of service.

64. Upon information and belief, Stephen Einstein & Associates, Einstein, and/or Poulin knew that these aforementioned instances of false service and false affidavits of service occurred during the time period which included the date of alleged service of the State Action.

65. Notwithstanding the above knowledge, Defendants maintained and attempted to enforce the Judgment in the State Action.

66. Upon information and belief, Stephen Einstein & Associates, Einstein, and/or Poulin failed to conduct a meaningful attorney review prior to the issuance of Exhibit A.

67. Upon information and belief, Exhibit A was issued despite Stephen Einstein & Associates, Einstein, and/or Poulin knowing that the Judgment may have been obtained as a result of an

aforementioned instance of false service and a false affidavit of service.

68. Plaintiff had her wages garnished as a result of Exhibit A.

69. As a result of Defendants' above alleged actions and omissions, Defendants have violated 15 USC § 1692f, 15 USC § 1692e, 15 USC § 1692 e(3), 15 USC § 1692e(10), 15 USC § 1692e(5), and 15 USC § 1692e(2)A.

## FIFTH CAUSE OF ACTION-CLASS CLAIM

70. Plaintiff repeats and realleges paragraphs 1-69 of this Complaint.

71. The above actions and omissions amounted to a deceptive act and practice on the part of Defendants.

72. Based on the facts set forth above in this Complaint, Exhibit A deceived or misled the Marshal and Plaintiff as to the legal right to issue Exhibit A.

73. The above actions and omissions are consumer oriented for the following reasons:

    a. They were directed at Plaintiff;

    b. Plaintiff is a consumer;

    c.  The conduct at issue against Plaintiff affected or had the potential to affect similarly situated consumers based on the following:

    d.  Upon information and belief, Stephen Einstein & Associates, Einstein, and/or Poulin represent judgment creditors in regard to the enforcement of default judgments against consumers in New York State courts in hundreds of thousands of cases;

    e. Upon information and belief, thousands of these default judgments were obtained as a result of fraudulent service of process.

74. Plaintiff suffered injuries as a result of the deceptive acts including but not limited to (a)

having her wages garnished, (b) the resulting cost of time and money, (c) emotional distress, and (d) and the aforementioned violations of their rights under the FDCPA.

75. Defendants therefore have violated General Business Law 349.

## SIXTH CAUSE OF ACTION

76. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-69 of this Complaint.

77. For the reasons set forth above in this Complaint, there was no legal right to issue Exhibit A against Plaintiff.

78. Plaintiff had her wages garnished as a result of Exhibit A.

79. Based on the above, Defendants are liable to Plaintiff for the conversion of her wages.

## CLASS ALLEGATIONS

80. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

81. The classes consist of I. (a) all natural persons (b) who Defendants within the last 3 years have allowed to exist against them a default judgment obtained as a result of service of process by Benjamin Lamb or by a process server employed by Samserv, Inc. and II. (a) all natural persons (b) against whom Defendants within the last 3 years have issued a restraining notice or income execution in an attempt to enforce a default judgment obtained as a result of service of process by Benjamin Lamb or by a process server employed by Samserv, Inc..

82. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

83. There are questions of law and fact common to the class members, which common

questions predominate over any questions that affect only individual class members.

84. The predominant common question is whether Defendants' practices violate the FDCPA, and NY GBL 349.

85. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

86. A class action is the superior means of adjudicating this dispute.

87. Individual cases are not economically feasible.

   **WHEREFORE**, Plaintiff requests the following relief:

1. As regards the First, Second, and Third Cause of Action, A Judgment against Defendants in favor of Plaintiff for statutory damages, actual damages in an amount to be determined at trial;

2. As regards the Fourth Cause of Action ($1,000 for each plaintiff and the lesser of $500,000 or 1% of net worth for the class) and actual damages along with costs and attorney's fees for the violations of the FDCPA;

3. As regards the Fifth Cause of Action, statutory damages, actual damages and punitive damages under NY GBL section 349;

4. As regards the Sixth Cause of Action, actual damages and punitive damages in an amount to be determined at trial; and

5. Any and all other relief deemed just and warranted by this court.

Dated:          June 27, 2018

/s/  Mitchell L. Pashkin
Mitchell L. Pashkin (MP 9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255

Huntington, NY  11743
(631) 335-1107
mpash@verizon.net